UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CARLTON GAYLE,

    Plaintiff,

v.

SOUTH EAST EMPLOYEE LEASING, INC.,
a Florida profit corporation,
and FITZROY HARTLEY, individually.

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, CARLTON GAYLE, (hereinafter referred to as "Plaintiff" or "Gayle") by and through his undersigned attorney, hereby file this Complaint against Defendants, SOUTH EAST EMPLOYEE LEASING, INC., a Florida profit corporation (hereinafter referred to as "South East"), and FITZROY HARTLEY, individually, (hereinafter referred to as "Hartley") and as grounds hereby states as follows:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207 ("FLSA"), for minimum wage violations and unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is a resident of Palm Beach County, Florida.

5. Defendant, SOUTH EAST EMPLOYEE LEASING, INC., is a Florida profit corporation (hereinafter referred to as "South East"), with a has a principal place of business located at 2739 U.S. HWY. 19 #100, Holiday, Florida 34691.

6. Defendant, Hartley is an individual believed to be located at 165 SW 7th Avenue, South Bay, Florida 33493.

7. This cause of action arose in Palm Beach County.

8. Palm Beach County is proper venue for this action because Defendant has locations in Palm Beach County; Plaintiff was employed by Defendant in Palm Beach County, Florida.

## JOINT EMPLOYER – OPERATIONAL CONTROL

9. At all times relevant hereto, Defendant SOUTH EAST engaged in the following: (1) processing paychecks to the Plaintiff, (2) controlling the amount of wage payments made to Plaintiff, (3) providing tax documents to the Plaintiff, (4) directing the work of the Plaintiff.

10. Defendant SOUTH EAST is a joint employer of Plaintiff together with Defendant HARTLEY as that term is defined under the FLSA.

11. At all times relevant hereto, Defendant HARTLEY had operational control in that he was involved with the payment of wages to Plaintiff.

12. Defendant HARLEY is a joint employer of Plaintiff together with Defendant SOUTH EAST as that term is defined under the FLSA.

## COMMON ALLEGATIONS

13. Plaintiff was employed with Defendant from on or about July 1, 2014 up to and including his separation on April 2015.

14. Plaintiff was hired as a laborer.

15. Plaintiff was paid a day rate of $95 per day and frequently worked 6 to 7 days a week in excess of 8 to 10 hours per day without being paid overtime.

16. Plaintiff's job duties did not include any decision-making authority to hire, terminate, promote or give instruction to other employees. Further, Plaintiff no employees directly reporting to him.

17. Defendants failed to pay Plaintiff overtime premiums as required under federal law.

18. Defendant SOUTH EAST has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

19. Defendants at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

20. Plaintiff regularly worked over forty (40) hours in a given work week.

21. Plaintiff was not paid time and one half his hourly rate for hours worked over forty (40) in a work week.

22. Plaintiff's job duties were such that he himself was individually engaged in commerce.

### COUNT I
### UNPAID OVERTIME
### IN VIOLATION OF FLSA 29 U.S.C. § 207
### SOUTH EAST EMPLOYEE LEASING, INC.

Plaintiff re-alleges Paragraphs 1 through 22 as set forth herein.

23. Plaintiff is a covered non-exempt employee who is entitled to overtime compensation for all he hours worked in excess of forty (40) hours per week.

24. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

25. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by Defendant.

26. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

27. Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

28. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

29. As a direct and proximate result of the Defendant's action, Plaintiff has suffered damages.

30. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant as follows:  That Plaintiff be awarded back overtime payments, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

### COUNT II
### UNPAID OVERTIME
### IN VIOLATION OF FLSA 29 U.S.C. § 207
### FITZROY HARTLEY

Plaintiff re-alleges Paragraphs 1 through 22 as set forth herein.

31. Plaintiff is a covered non-exempt employee who is entitled to overtime compensation for all he hours worked in excess of forty (40) hours per week.

32. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

33. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by Defendant.

34. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

35. Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

36. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

37. As a direct and proximate result of the Defendant's action, Plaintiff has suffered damages.

38. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant as follows: That Plaintiff be awarded back overtime payments, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

Plaintiff further demand trial by jury.

Dated this 24th day of September 2015.

> s/Cathleen Scott
> Cathleen Scott, Esq.
> Florida Bar No. 135331
> Primary e-mail: CScott@csapalaw.com
> Secondary e-mail: mail@csapalaw.com
> CATHLEEN SCOTT & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard
> Suite 104-A
> Jupiter, FL 33458
> Telephone:   (561) 653-0008
> Facsimile:   (561) 653-0020
> Secondary Address:  101 Northpoint Parkway
> West Palm Beach, FL 33407
> www.FloridaLaborLawyer.com