UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CIVIL ACTION NO. 9:15-CIV-81326-ROSENBERG

| | |
|---|---|
| CARLTON GAYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTH EAST EMPLOYEE LEASING, | ) |
| INC., a Florida profit corporation, and | ) |
| FITZROY HARTLEY, individually, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

SETTLEMENT AGREEMENT AND
FULL AND FINAL RELEASE OF ALL CLAIMS

This SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS (the "Agreement") is entered into between CARLTON GAYLE ("Plaintiff") and SOUTH EAST EMPLOYEE LEASING, INC., ("South East") (collectively, the "Parties.")

WHEREAS, the Plaintiff has alleged South East engaged in unlawful practices under the Fair Labor Standards Act (the "Allegations") and filed a civil lawsuit in the U.S. District Court of the Southern District of Florida, captioned Case No. 9:15-CIV-81326-ROSENBERG;

WHEREAS, South East denies all of the Allegations made; and

WHEREAS, the Parties hereto have agreed to resolve any and all claims the Plaintiff has against South East, including but not limited to the Allegations.

NOW, THEREFORE in exchange for the promises and considerations set forth below, the sufficiency of which is hereby acknowledged, the Parties to this Agreement hereby agree as follows:

1. **Releases**: In exchange for and in consideration of the payment, as set forth in paragraph 2 below, Plaintiff, for himself, his attorneys, heirs, executors, administrators, successors and assigns, fully, irrevocably, unconditionally and forever waive, discharge, and release ("Releases") South East, its subsidiaries, parents, related and affiliated entities and companies, their boards of directors, shareholders, officers, employees, agents, administrators, trustees, attorneys, representatives, and their respective successors and assigns (the "Released

1

Exhibit A

Parties"), from any and all grievances, suits, charges of discrimination, liabilities, commitments, obligations, costs, expenses, demands, damages, causes of actions, proceedings and claims, of any nature whatsoever, known or unknown, fixed or contingent, in law or equity, including, without limitation, those arising under any of the laws, regulations, rules, codes or orders of the United States of America, any other countries, State of Florida, any other states, or any local county or city ordinance, including those that the Plaintiff now has or may have against the Released Parties, whether it be known or unknown, upon or by reason of any act, omission, matter, cause or thing, from the beginning of time up to and including the date of execution of this Agreement by the last signing party. *Mr. Gayle's pending women's Compensation Claim is not waived by this provision OJCC 14-025211GBH, 2014 035860.*

Specifically excluded from this Agreement are any claims that may not be waived under federal or state law, including pending claims brought under Florida or the applicable state workers' compensation act.

2. **Monies Paid:** In exchange for and in consideration of the Releases and promises of the Plaintiff in this Agreement, South East agrees to pay the total sum of TWO THOUSAND ONE HUNDRED TWENTY FIVE and 00/100ths ($2,125.00) DOLLARS (the "Payment"), which includes ONE THOUSAND SEVEN HUNDRED FIFTY and 00/100ths ($1,750.00) DOLLARS in consideration for attorneys' fees and costs for the FLSA claims. The Payment will be tendered as follows and mailed to Plaintiff's counsel within ten (10) days of the final Court approval of this settlement:

   a. $187.50 in Wages, less applicable deductions required by law;
   b. $187.50 in Liquidated Damages; and
   c. $1,750.00 in Attorneys' Fees and Costs.

3. **Tax Indemnification:** For purposes of complying with the tax laws of the United States and the State of Florida, Plaintiff understands and agrees that the Payment for non-wage, compensatory, liquidated damages and/or attorneys' fees and costs are not to be considered wages and the Parties will consistently report and treat these amounts as non-wage damages and expenses. Therefore, Plaintiff will provide South East with the appropriate IRS Form W-9 at the time of execution of this Agreement, and South East will provide Plaintiff with the appropriate IRS Forms 1099 to be issued for any non-wage damages and payments. The Plaintiff understands that any monies deemed to be wage damages will be subject to any federal, state, city, or municipality employment taxes and deductions. In the event that the IRS subsequently determines that any of the settlement amount constitutes taxable income, Plaintiff agrees to be solely responsible for any and all federal, state or other tax liability, without regard to the nature of such tax, which could or may arise as a result of the Payment and further agrees to hold the Released Parties harmless from any claimed tax liabilities arising out of the Payment.

4. **Dismissal of Civil Lawsuit:** Plaintiff agrees that upon the execution of this Agreement, his attorney shall prepare, execute and file all documents, in form and substance satisfactory to South East, proper or necessary to withdraw and otherwise terminate any and all pending suits or claims, in full, with prejudice, to the necessary governmental entities and/or courts.

5. **No Admissions of Liability:** The Parties hereto agree that the Payment made to the Plaintiff provides him the full and complete relief of his FLSA claim, and the Plaintiff acknowledges that he is not owed any additional compensation, for any reason, from South East for hours worked at the Company. This Agreement is not, however, in any way an admission by Released Parties of any allegation, issue, fact or conclusion of law involving, concerning or in any way referencing the Allegations. Rather, South East denies having committed any violation of law.

The Parties agree and acknowledge that this Agreement shall not be interpreted to render either Party to be a prevailing party for any purpose, including but not limited to, an award of attorneys' fees under any law. The Parties further agree that, except as provided herein, the Parties are solely responsible for their respective costs and fees incurred as a result of the Allegations.

6. **Warranty of No Assignment:** The Plaintiff warrants that he has not assigned, sold, subrogated, transferred to, or conveyed to anyone any actions, causes of action, claims or demands that the Plaintiff now has or ever had against the Released Parties, and the Plaintiff further agrees to defend the Released Parties entirely at Plaintiff's own expense and to fully indemnify and forever hold harmless the Released Parties for any and all actions, causes of action, claims or demands that may be brought against them by anyone to whom Plaintiff has assigned, sold, subrogated, transferred to, or conveyed any such action, causes of action, claims or demands.

7. **Choice of Law:** The Parties hereto agree that the law governing the creation, interpretation, and enforcement of this Agreement is the law of the State of Florida.

8. **Merger and Severability Clause:** This Agreement, which is four (4) pages long, is effective upon execution (subject to paragraph 9 below), reflects the entire Agreement between the Parties and supersedes all prior or contemporaneous oral or written understandings, statements, representations or promises. This Agreement may not be amended except by written agreement signed by all affected Parties. The Parties agree that if any of the terms of this Agreement are, or become, null, void, unenforceable or inoperative for any reason, such provisions are, and shall be, severable and the remaining provisions of this Agreement are retained in full force and effect.

9. **Counterparts:** This Agreement will be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties. Signatures by facsimile will be deemed as an original signature.

10. THE PLAINTIFF AFFIRMS THAT HE HAS CAREFULLY READ THIS ENTIRE AGREEMENT AND FULLY UNDERSTANDS ALL THE TERMS OF THIS AGREEMENT INCLUDING, BUT NOT LIMITED TO, THE FACT THAT IT IS A FULL, COMPLETE, IRREVOCABLE AND UNCONDITIONAL RELEASE OF ALL CLAIMS THAT SHE MAY NOW HAVE AGAINST THE RELEASED PARTIES, INCLUDING, BUT NOT LIMITED TO, THOSE CLAIMS ARISING OUT OF THE

ALLEGATIONS, AND THAT HE EXECUTED THIS AGREEMENT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.

_CARLTON GAYLE_      _11-16-2015_
Carlton Gayle      Date

_Stephanie Cagnet Myron_      _11/16/15_
Stephanie Cagnet Myron      Date
Attorney for Plaintiff

South East Employee Leasing, Inc.

By: _CHARLES M. SZOPINSKI_      _12/1/15_
Its: _DIRECTOR, HUMAN RESOURCES_      Date

_Jennifer Monrose Moore_      _12/4/2015_
Jennifer Monrose Moore      Date
Attorney for South East

22919694.1

4

Exhibit A